IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01708-BNB

BAKARI MACKEY,

Applicant,

v.

T. K. COZZA-RHODES,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Bakari Mackey, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On June 25, 2014, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On July 15, 2014, Respondent filed a Preliminary Response arguing that this action should be dismissed for failure to exhaust administrative remedies. Applicant filed a Reply on July 28, 2014.

The Court must construe liberally the Application because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Applicant claims his due process rights were violated when he was denied his request for witnesses and for a surveillance video that would show he did not commit the offense of being in an unauthorized area for the purpose of stalking someone. He also claims that the Disciplinary Hearing Officer misrepresented the facts in support of his conclusion that Applicant was guilty. Applicant seeks expungement of the incident report and restoration of twenty-seven days of good conduct time and telephone privileges.

Respondent asserts that based on the BOP's administrative remedy records, Applicant had not exhausted his administrative remedies in Incident Report (IR) No. 2534074, the report at issue, before he filed this action. Respondent further asserts that based on the SENTRY database, which is used by the BOP to track administrative remedy complaints and appeals for each inmate, *see* Prelim Resp., Attach 1, ECF No. 11-1, at 3, Applicant first submitted an appeal to the Regional Office on February 6, 2014, which was denied. He then appealed the denial to the Central Office on March 18, 2014, which was then rejected but was subsequently accepted on May 5, 2014, when resubmitted. *Id.* Respondent contends that Applicant filed this action before June 14, 2014, when a response was due from the Central Office, which was forty days after the appeal was logged into the Administrative Remedy Index. *Id.* Finally, Respondent asserts, in accordance with § 542.18, that Applicant's appeal would not be deemed denied until July 4, 2014, when the time for the twenty-day extension had also passed.

In his Reply, Applicant asserts that because the Central Office response was

eleven days past due when Respondent filed the Preliminary Response, and twenty days past due when Applicant replied to the Preliminary Response, it would not be in the interest of judicial economy to dismiss this action.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Applicant. *See* 28 C.F.R. §§ 542.10-19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." *Id.* at § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See id.* at 28 C.F.R. §§ 542.13-15. Initial appeals at the institution level, however, are excepted in prison disciplinary proceedings; an inmate initially files an appeal of a DHO hearing to the regional director before pursuing a national appeal. *Id.* at § 542.14(d)(2).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response

at the preceding level. *Id.* at § 542.15. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* at § 542.18.

Applicant did not submit this action prior to June 14, 2014, as suggested by Respondent, *see* Prelim. Resp. at 3. The Application was dated and signed on June 17, 2014, three days after the forty days had run and a response was due from the Central Office. Nonetheless, as set forth in § 542.18, Applicant's appeal is not deemed denied until the extension time has run. Applicant's appeal, therefore, would not have been deemed denied until sixty days from May 5, 2014, which was July 4, 2014. The Application was signed on June 17, 2014, and filed in this Court on June 19, 2014.

Applicant claims that it is in the interest of judicial economy to overlook the fact that he did not comply with § 542.18 and filed this action before he had exhausted the administrative remedies.

This Court's review of only exhausted claims is "grounded in strong principles of judicial economy and respect for administrative agency deliberation." *United States v. Eccleston*, 521 F.3d 1249, 1256 (10th Cir. 2008) (citing *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (a 42 U.S.C. § 1983 action that lists seven policy reasons supporting administrative exhaustion requirements)). One of the reasons a court reviews only exhausted claims, as stated in *Johnson*, is to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Johnson*, 418 F.3d at 1156.

There are reasons for waiving exhaustion requirements. Exhaustion may be

waived where an applicant claims prison staff thwarted, prevented, or hindered him from utilizing the administrative remedy process, *Little v. Jones*, 607 F.3d 1245 (10th Cir. 2010), or it is futile to exhaust the administrative process because there is an adverse decision that would dispose of the exact issue raised by the applicant, *see Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991). Neither hindrance nor futility is at issue in this case. Also, Applicant's health or safety is not at issue.

Because the BOP is in a "superior position to investigate the facts, judicial intervention usually is deferred until administrative remedies have been exhausted." *See Williams*, 792 F.2d at 987. Circumventing the administrative exhaustion process by filing a habeas corpus application before exhausting undermines the system designed for effective and efficient administration of justice. *See Woodford*, 548 U.S. at 90-91. Therefore, the Court finds that judicial economy and respect for administrative agency deliberation supports a dismissal of this action for failure to exhaust the BOP's administrative remedy procedure before filing a federal § 2241 action in this Court.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 25th day of August, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court